UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO I DIPP,<br><br>                    Plaintiff,<br>v.<br><br>BAC HOME LOANS SERVICING, LP,<br>a Texas limited partnership,<br>DEUTSCH BANK NATIONAL TRUST<br>COMPANY ON BEHALF OF THE<br>CERTIFICATE HOLDERS GSAA TRUST<br>2004-5, RECONTRUST COMPANY,<br>NATIONAL ASSOCIATION, and DOES 1<br>through 60 inclusive,<br><br>                    Defendant. | Civil No. 3:12-cv-00870-AJB-MDD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 5] |

Presently before the Court is Defendants' Motion to Dismiss. (Doc. No. 5) The motion is unopposed. For the following reasons, the motion is **GRANTED** with leave to amend.

**I. Background**

On March 9, 2004, Alfredo I. Dipp ("Plaintiff") purchased real property located at 1005 Vereda Drive, Calexico, California 92231. Plaintiff purchased the property using the funds he borrowed from First National Bank of Arizona. As security for the repayment of the loan, Plaintiff executed a Deed of Trust on the property. On or about September 29, 2011, Recontrust Company, as the trustee, recorded a Notice of Default and Election to Sell Under Deed of Trust in the Imperial County Recorder's office.

Plaintiff filed his Complaint against Defendants alleging various claims. On April 16, 2012, Defendants filed the instant motion to dismiss Plaintiff's Complaint for failure to comply with the requirements of Fed. R. Civ. P. 8(a), failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b), and failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Court issued an order setting the briefing schedule (Doc. No. 6), in which Plaintiff's opposition to the motion was due on or before May 7, 2012. To date, no opposition or First Amended Complaint has been filed with the Court or served upon counsel for Defendants.

## II. Legal Standards

Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. As further described in Local Rule 7.1.f.3.a., the opposition must be in writing. Failure to comply with these rules "may constitute a consent to the granting of a motion" under Local Rule 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). The Ninth Circuit also permits dismissal pursuant to a local rule where the party is acting *pro se*. Even though the court has an obligation to liberally construe their pleadings, "*pro se* litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## III. Discussion

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Not only is orderly and swift resolution of disputes important to the rule of law, but delay in reaching the merits "is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227

(9th Cir. 2006). Along with determining the public's interest in expeditious resolution of the litigation, the district court judge is also in the best position to determine whether the delay in failure to oppose a motion or to comply with a timing requirement interferes with the court's docket management. *Yourish*, 191 F.3d at 990; *Pagtalunan*, 291 F.3d at 642. Accordingly, this factor also weighs in favor of dismissal. *Pagtalunan*, 291 F.3d at 642.

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Prejudice may include failing to produce documents or submitting documents late. *Id.* Moreover, the law presumes that unreasonable delay is prejudicial. *Id.* (citing *In re Eisen*, 31 F.3d 1453). The plaintiff may rebut this presumption either by showing that no actual prejudice occurred or by setting forth a non-frivolous explanation for the delay, which then shifts the burden to the defendant to show some actual prejudice. *Id.* (citing *In re Eisen*, 31 F.3d at 1453).

As public policy favors disposition of cases on the merits, this factor generally weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply [with local rules] cannot move forward toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. Thus, this factor is not very persuasive to help a party who has the responsibility to move a case toward disposition on the merits. *Id.* The district court must also consider the impact of the sanction of dismissal and the availability of less drastic alternatives. *In re Phenylpropanolamine*, 460 F.3d at 1228.

Accordingly, the Court finds that the majority of these factors weigh in favor of dismissal of the Complaint.

//
//
//
//
//
//

12cv00870

### IV. Conclusion

For the reasons set forth above, the Court hereby **GRANTS** Defendants' motion to dismiss *without prejudice*. Plaintiff has thirty (30) days from the date of this Order to submit an amended Complaint. Failure to do so will result in the Court's dismissal of this case.

IT IS SO ORDERED.

DATED: May 31, 2012

Hon. Anthony J. Battaglia
U.S. District Judge